IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-329-FL-4
NO. 5:15-CV-188-FL

| | |
|---|---|
| JOSHUA FORREST WAGNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 148, 182), which challenge petitioner's convictions and sentence for possessing a firearm in furtherance of a crime of violence in light of the United States Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015), United States v. Davis, 139 S. Ct. 2319 (2019), and Rosemond v. United States, 572 U.S. 65 (2014). The matter also is before the court on respondent's motion to dismiss (DE 151), which was briefed fully. For the reasons that follow, the court grants respondent's motion to dismiss and denies petitioner's motions to vacate.

## BACKGROUND

On January 5, 2009, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 (count one), and using and carrying a firearm during and in relation to a crime of violence and aiding and abetting same, in violation of 18 U.S.C. §§ 924(c) and 2 (count four). On July 10, 2009, the court sentenced

petitioner to 87 months' imprisonment on count one and a consecutive term of 84 months' imprisonment on count four, producing an aggregate custodial sentence of 171 months.

On May 1, 2015, petitioner filed the instant motion to vacate, set aside, or correct sentence, asserting that his § 924(c) conviction should be vacated in light of Rosemond. On June 2, 2015, respondent filed the instant motion to dismiss the Rosemond claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Petitioner filed amended motion to vacate on June 6, 2016, which amended the original motion to assert new claim challenging his § 924(c) conviction on the basis of Johnson. On June 29, 2016, respondent moved to stay the § 2255 proceedings pending the United States Court of Appeals for the Fourth Circuit's resolution of United States v. Simms, 914 F.3d 229 (4th Cir. 2019). The court granted the motion to stay on June 30, 2016. The Fourth Circuit decided Simms on January 24, 2019, but stayed the mandate pending the United States Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019.

On July 18, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's motions. The parties then requested further stay pending resolution of United States v. Ali, No. 15-4433 (4th Cir.), which the court granted. On January 15, 2020, the court lifted the stay and directed the parties to file supplemental briefing addressing whether the Fourth Circuit's decision in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), forecloses petitioner's claims. Petitioner filed supplemental brief on January 23, 2020, conceding that he is not entitled to habeas relief. Respondent filed supplemental brief on February 3, 2020, arguing petitioner's § 2255 motions should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**DISCUSSION**

A.      Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.      Analysis

The court begins with petitioner's claim that his § 924(c) conviction should be vacated in light of Johnson and Davis. Pursuant to 18 U.S.C. § 924(c), a person convicted of brandishing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum punishment of seven years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1). The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime. Id. § 924(c)(1)(A). Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; Simms, 914 F.3d at 237. The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A) (the force clause), his conviction remains valid. See Mathis, 932 F.3d at 263-64.

Petitioner's predicate offense is Hobbs Act robbery[1] in violation of 18 U.S.C. § 1951, and the Fourth Circuit has held that this offense qualifies as a crime of violence under § 924(c)'s force clause. See id. at 265-66 (holding "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)"). Accordingly, petitioner's § 924(c) conviction remains valid, notwithstanding Davis and Simms.

Petitioner also argues that his § 924(c) conviction should be vacated under Rosemond, which addresses the legal standard governing aiding and abetting liability, and the evidentiary showing required to establish same. See 572 U.S. at 72-78. The court agrees with respondent that this claim is untimely. A one-year statute of limitations applies to § 2255 motions. See 28 U.S.C. § 2255(f). The statute of limitations runs from the latest of four dates: 1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is

---

[1] The indictment charged petitioner with using and carrying a firearm in furtherance of substantive Hobbs Act robbery as charged in count three, which was dismissed at sentencing. (DE 1). Petitioner's § 924(c) conviction, however, does not require convictions on the predicate crime of violence. See United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002); see also United States v. Nelson, 27 F.3d 199, 200-01 (6th Cir. 1994) (collecting authority). Furthermore, although count three alleged defendant committed both substantive and attempted Hobbs Act robbery, the § 924(c) conviction was based solely on substantive Hobbs Act robbery. (See Indictment (DE 1) at 2-3).

4

removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Id. § 2255(f)(1)-(4). And where, as here, the petitioner relies on subsections (f)(3) or (f)(4), the statute of limitations applies on a claim-by-claim basis. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005) (discussing materially identical statute of limitations for habeas petitions under 28 U.S.C. § 2254); Zack v. Tucker, 704 F.3d 917, 925-26 (11th Cir. 2013) (en banc). Accordingly, the court may consider the timeliness of petitioner's claim premised on Rosemond even though his Johnson and Davis claims were timely filed.

Petitioner argues his Rosemond claim is timely under subsections (f)(3) or (f)(4). Rosemond, however, was decided on March 5, 2014, and petitioner filed the instant motion to vacate on April 28, 2015, over one year later. Accordingly, the claim is untimely under subsection (f)(3).[2] As to subsection (f)(4), the Rosemond decision is not a new "fact" supporting petitioner's claims. See Whiteside v. United States, 775 F.3d 180, 183-84 (4th Cir. 2014) (en banc) (holding favorable change in law is not a new "fact" for purposes of subsection (f)(4)).

Petitioner asserts the court should excuse his untimely filing based on his showing of actual innocence. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."

---

[2] Furthermore, Rosemond is not retroactively applicable on collateral review. See 28 U.S.C. § 2255(f)(3); Bey v. Hollenback, No. 5:14-HC-2016-FL, 2015 WL 859575, at *3 (E.D.N.C. Feb. 26, 2015), aff'd 616 F. App'x 125 (4th Cir. 2015).

McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Having reviewed and considered petitioner's actual innocence claim, the court concludes he has failed to show that no reasonable juror would have voted to convict him. Finally, to the extent petitioner asserts he is entitled to equitable tolling of the statute of limitations, he fails to show that 1) "he has been pursuing his rights diligently"; and 2) some extraordinary circumstances prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Accordingly, the court grants respondent's motion to dismiss petitioner's habeas claims.

C.     Certificate of Appealability

Having determined that petitioner is not entitled to relief, the court turns to whether a certificate of appealability should issue. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

6

## CONCLUSION

Based on the foregoing, petitioner's motions to vacate (DE 148, 182) are DENIED, respondent's motion to dismiss (DE 151) is GRANTED, and a certificate of appealability is DENIED. The clerk is directed to close the instant § 2255 proceedings.

SO ORDERED, this the 27th day of October, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge

7

Case 5:08-cr-00329-FL   Document 260   Filed 10/27/20   Page 7 of 7